1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BBC CHARTERING CARRIERS GMBH
& CO KG,

                              Plaintiff,

        v.

DMITRY FARBER,

                              Defendant.

CASE NO. 2:25-cv-01312-BAT

**ORDER DENYING WITHOUT
PREJUDICE MOTION FOR
ALTERNATIVE SERVICE OF
COMPLAINT AND SUMMONS,
DKT. 16**

Plaintiff BBC Chartering Carriers GMBH & Co. KG filed a motion to serve Defendant Dmitry Farber by publication and email, or alternatively to extend the deadline for service. Dkt. 16. Having considered the motion and the record, the Court **DENIES** without prejudice the request to serve by alternative means and **GRANTS** the request to extend the deadline for service.

**BACKGROUND**

Plaintiff BBC Chartering's complaint alleges that Defendant Dmitry Farber owns a company called FMT Yacht Transport. BBC alleges that FMT hired BBC to transport FMT's yacht from China to Florida, by loading it on board BBC's ship. Dkt. 1 at ¶ 7–8. During the voyage, BBC's ship allegedly incurred "demurrage charges" of about $400,000, which are fees applied when a container remains at the port beyond the time allowed. *Id.* at ¶ 10. BBC alleges it

invoiced FMT for these charges and ultimately entered into a settlement agreement under which Farber agreed to personally pay BBC $100,000 by November 20, 2024. *Id.* at ¶ 13. BBC further alleges that Farber has breached the agreement by paying only $20,000 of the amount owed. *Id.* at ¶ 16. BBC brings claims for breach of contract and unjust enrichment.

BBC filed suit on July 14, 2025. On August 6, 2025, BBC's process server tried to serve Farber at the Seattle address listed on FMT's website. Dkt. 16 at 2. The address belonged to a different company, GreenLine Yachts, though the owner knew of Farber and believed he lived near Lake Sammamish, Washington. *Id.* Counsel then uncovered an address in Sammamish associated with Farber through a LexisNexis public records search. The process server attempted service at the Sammamish address on October 13, 2025, but found the residence vacant. *Id.* The process server tracked down two additional addresses associated with Farber, a vacant property in Michigan and a residence in Florida belonging to a Yaroslav Farber believed to be the defendant's father. Service was attempted at the Florida residence on November 6, 2025. *Id.* at 3. The server spoke to Yaroslav Farber, who stated that the defendant did not live in Florida but in Sammamish, Washington, but did not give an address. *Id.* After another LexisNexis public records search turned up only the same Sammamish address, the process server attempted service again at that address on or about November 10, 2025, and found it still vacant. Dkt. 17-1 at 1. There were no signs of anyone living there, no visible furniture, and no cars in the driveway. *Id.*

BBC requests permission to serve Farber by publication in the *Seattle Times* and by email at two email addresses, sales@fmtyachttransport.com (listed on FMT's website) and dmitry@fmtyachttransport.com (because another employee's publicly listed email address follows the same pattern).

ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ALTERNATIVE SERVICE OF COMPLAINT AND
SUMMONS, DKT. 16 - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**DISCUSSION**

Where a plaintiff cannot serve a defendant personally, Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Washington's service by publication statute, RCW 4.28.100(2), provides:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases:
> . . .
> (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent.

The plaintiff must show that (1) its efforts to serve the defendant were reasonably diligent; (2) the defendant is a resident of Washington; and (3) the defendant has either left the state or concealed himself within it with the intent to defraud creditors or avoid service. RCW 4.28.100(2); *Hist. Dep't & Co. v. Mertz*, No. C20-5608 MLP, 2020 WL 6709776, at *2 (W.D. Wash. Nov. 16, 2020) (citing *Charboneau Excavating, Inc. v. Turnipseed*, 118 Wash. App. 358, 362–63 (Wash. Ct. App. 2003), *as amended* (Oct. 7, 2003)). The statute also requires the plaintiff to mail the complaint and summons to the defendant's place of residence or state by affidavit that the residence is unknown.

"'Service by publication or mail is in derogation of the common law,' and therefore a party must strictly comply with the statute." *Amana Glob. Co. v. King Cnty.*, No. C21-637-MLP,

ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ALTERNATIVE SERVICE OF COMPLAINT AND
SUMMONS, DKT. 16 - 3

2023 WL 3172248, at *2 (W.D. Wash. May 1, 2023) (quoting *Rodriguez v. James-Jackson*, 127 Wash. App. 139, 143 (Wash. Ct. App. 2005)). A plaintiff must set forth facts, not mere conclusory allegations, showing the statutory requirements have been met. *Id.* Personal service is preferred; constructive service by publication is permitted "only as a last resort." *Pascua v. Heil*, 108 P.3d 1253, 1258 (Wash. Ct. App. 2005).

While BBC has made some efforts to serve Farber, its efforts fall short of the reasonable diligence Washington law requires. BBC has attempted service unsuccessfully a total of four times at three addresses and has twice searched one public records database (LexisNexis) for Farber. Dkt. 16 at 2–3. BBC says that its process server performed a "skiptrace," *id.* at 3, but without details, the Court cannot evaluate whether that process constituted reasonable diligence. BBC does not indicate it has yet, for example, searched social media; searched any other public records, such as court or motor vehicle records; sent mail or email to any address associated with Farber; followed up with the individual in Florida who appears to be related to him; or hired a private investigator.

Similar efforts have been held not reasonably diligent. *See JFXD TRX ACQ LLC v. E. River JW Inc.*, No. 2:24-CV-00594-JNW, 2024 WL 3552358, at *2 (W.D. Wash. July 26, 2024) (denying alternative service where plaintiff attempted service three times); *Amana*, 2023 WL 3172248, at *2 (denying alternative service where plaintiff emailed defendant's business email address, sent registered mail and a process server to defendant's business address, and delivered the summons and complaint to defendant's son). Conversely, cases authorizing alternative service of process involve greater efforts to locate the defendant: for example, the Washington Court of Appeals found reasonable diligence where plaintiffs attempted service at an address listed on an accident report, checked telephone directories and conducted internet searches, hired

a private investigator who checked police, utility, and voting records, and visited a woman with the same last name 10 times after she claimed she might be able to locate the plaintiff. *Boes v. Bisiar*, 122 Wash. App. 569, 575–76 (Wash. Ct. App. 2004); *Mertz*, 2020 WL 6709776, at *1 (in addition to attempting service twice, plaintiffs sent mail and email to track the defendant down).

BBC also fails to set forth facts adequately showing that Farber has left Washington or concealed himself in the state with the intent to defraud his creditors or avoid service of a summons, as RCW 4.28.100(2) requires. BBC states briefly that Farber is "plainly evading service" because he "continues to list a false business address, vacated his Sammamish residence, and has provided inconsistent or misleading information about his whereabouts—all shortly after personally guaranteeing FMT's settlement obligation." Dkt. 16 at 4. If, as BBC suggests, Farber vacated the Sammamish residence <u>after</u> the settlement agreement was signed, that might imply an intent to evade service, but no facts suggest the events happened in that order. And it is unclear whether the business address Farber provided is intentionally false, as BBC argues, or is merely mistaken or outdated.

BBC essentially argues that Farber is evading service because he cannot be found. But Washington law is clear that alternative service is not authorized "merely because [plaintiffs] were unable to locate [the defendant], despite diligent efforts." *Bruff v. Main*, 943 P.2d 295, 298 (Wash. Ct. App. 1997). Rather, plaintiffs must "set forth facts clearly suggesting an intent to conceal." *Amana*, 2023 WL 3172248, at *3 (W.D. Wash. May 1, 2023) (denying motion for alternative service where plaintiff stated he was "certain" defendant had been avoiding service because of multiple unsuccessful attempts to locate him); *see also Lumico Life Ins. Co. v. Adams*, No. C20-5515-MLP, 2021 WL 22587, at *3 (W.D. Wash. Jan. 4, 2021) (plaintiff "merely demonstrated it cannot locate Defendant based on the information available to it," but did not

ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ALTERNATIVE SERVICE OF COMPLAINT AND
SUMMONS, DKT. 16 - 5

1  show the requisite intent to evade).

2      "Strict compliance" with the statute matters because due process requires that defendants

3  receive notice of actions against them, as a prerequisite to the Court's exercise of jurisdiction

4  over them. *Pascua*, 108 P.3d at 1257–58. Alternative service therefore "must not be based on

5  conclusory statements"; the court "must closely scrutinize the facts provided." *Id.* Although BBC

6  has made efforts to serve Farber, it has not established strict compliance with RCW 4.28.100.

7      The Court therefore **DENIES** without prejudice BBC's motion for alternative service of

8  the complaint and summons. However, because the efforts to serve Farber to date meet the good

9  cause standard under Rule 4(m), the Court **GRANTS** BBC's request to extend the time to effect

10  service. The deadline for service is extended to **December 22, 2025**. BBC may file a renewed

11  motion for alternative service if additional attempts to locate and serve Farber have not borne

12  fruit by then. Any such motion should establish that all of the requirements of RCW 4.28.100

13  have been satisfied, including the requirements to "stat[e] that [the affiant] believes that the

14  defendant is not a resident of the state, or cannot be found therein" and to "deposit[] a copy of

15  the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post

16  office."

17      DATED this 19th day of November, 2025.

18

19  _____

20  BRIAN A. TSUCHIDA
   United States Magistrate Judge

21

22

23

ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ALTERNATIVE SERVICE OF COMPLAINT AND
SUMMONS, DKT. 16 - 6